### UNITED STATES of America, Plaintiff—Appellee,

v.

### Danial A. TWITCHELL, Defendant—Appellant.

### No. 01–30228.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided July 21, 2003.

---

Before: B. FLETCHER, KLEINFELD, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Danial A. Twitchell appeals his conviction of fourteen counts of bank fraud, in violation of 18 U.S.C. § 1344, and four counts of money laundering, in violation of 18 U.S.C. § 1956. He argues that the district court erred in denying his motion for a mistrial because the prosecution introduced evidence that had been ruled inadmissible in a pretrial hearing. He also contends that his conviction for money laundering must be reversed because his

conduct did not fall within the scope of the money laundering statute. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I. Mistrial

We review the district court's denial of Twitchell's motion for a mistrial for abuse of discretion. *See United States v. Mills*, 280 F.3d 915, 921 (9th Cir.2002). Twitchell claims that the district court erred by declining to order a new trial because a government witness alluded to Twitchell's failure to pay the warranty underwriter for extended warranties that were sold to Alaskan Adventures customers. We find no error and no prejudice.

█ We have upheld the denial of a motion for a mistrial if a "curative jury instruction rendered the prosecutorial error harmless beyond a reasonable doubt." *United States v. Murillo*, 288 F.3d 1126, 1139 (9th Cir.2002). Although the witness's allusion to the failure to make payments for extended warranties may have been the result of a prosecutorial blunder, the district judge clearly instructed the jury to "ignore the witness'[s] answer." The court's instruction neutralized the effect of the witness's improper statement and rendered it harmless beyond a reasonable doubt. Accordingly, we hold that the district court did not abuse its discretion in denying Twitchell's motion for a new trial.

### II. Money Laundering

We review the district court's denial of Twitchell's motion for acquittal on the money laundering counts de novo, *see United States v. Pacheco–Medina*, 212 F.3d 1162, 1163 (9th Cir.2000), and we view the evidence in the light most favorable to the government and ask whether

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Manarite*, 44 F.3d 1407, 1411 (9th Cir.1995). In order to sustain a conviction for money laundering under § 1956(a)(1), the government must prove beyond a reasonable doubt that the defendant engaged in a financial transaction involving proceeds from specified illegal activity, knew the proceeds were from the illegal activity, and intended that the transaction promote the illegal activity or conceal the nature, source, location, ownership, or control of the proceeds. 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i); *United States v. Marbella*, 73 F.3d 1508, 1514 (9th Cir.1996).

The jury indicated on special verdict forms that it found that Twitchell was guilty of promoting bank fraud on each of the four money laundering counts. In *United States v. Montoya*, 945 F.2d 1068, 1077 (9th Cir.1991), we upheld a conviction for money laundering with intent to promote the underlying illegal activity because the defendant deposited the proceeds of a bribe. We reasoned that the defendant had promoted the underlying illegal activity, bribery, because he could not otherwise have made use of the funds. *Id.* at 1076. We reaffirmed this principle in *Manarite*, 44 F.3d at 1415–16, in which we held that the defendants were guilty of money laundering to promote underlying illegal activity because they cashed in chips obtained from a chip-skimming scheme. Twitchell withdrew funds from his company's business account at the bank that he defrauded and deposited them in various retirement and investment accounts at a brokerage firm. His actions in removing funds from the bank he defrauded to a separate brokerage firm clearly promoted and furthered the underlying bank fraud.

On one of the money laundering counts, the jury also found Twitchell guilty of concealing or disguising bank fraud, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), by transferring money from his business account at the bank into private investment accounts at the brokerage house. A reasonable jury could have found that the deposits of proceeds from the bank fraud into brokerage accounts were made to disguise or conceal the proceeds. The deposits were made shortly after the bank wrote to Twitchell about missing collateral for his loans and shortly before Twitchell informed the bank that the collateral in question had been sold without the bank's knowledge. The fact that Twitchell's steps to conceal or disguise the proceeds were not effective does not change our analysis.

### III. Conclusion

We hold that the district court did not abuse its discretion in denying Twitchell's motion for a new trial and that a reasonable jury could have found him guilty of money laundering on all four counts. Accordingly, the judgment of the district court is

**AFFIRMED.**